*Northern District*

No. 7513

## HELEN CALOBRISI

v.

## BOSTON GAS COMPANY

Argued: March 18, 1971. Decided: July 15, 1971.

*Present:* Parker, P. J., Cowdrey, Mason, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District No. 17066.

**Mason, J.** *This is an action of tort for personal injuries* which it is alleged were caused by the defendant's negligence in the operation, control, management, inspection and maintenance of the gas and equipment in and around the premises occupied by the plaintiff, whereby an explosion occurred at a gas range. The answer is a general denial, contributory negligence, and assumption of the risk.

The court found for the plaintiff.

*At the trial there was evidence tending to show that* on June 25, 1965, the plaintiff moved into the premises which contained the gas stove. On the same day, a service man of the defendant came to the premises in response to a call by the plaintiff. The service man's job was to turn on the gas, check for leaks, and see that gas was reaching the gas appliances. The service man turned on the gas to the appliances, and found that gas was reaching the range by taking a flow, no flow test, and turning on the burners of the appliances, including the stove, and lighting them. The plaintiff found a card advising that the gas had been turned on.

Later that day, the plaintiff cleaned the range in question inside and out, removed the burners

of the range and soaked them in a tub containing soapy water with plenty of suds, and later replaced them.

On June 26, 1965 the plaintiff used the manual light oven on the range for the first time. She turned the gas control knob of the oven, opened the door, lit a match, and applied the match to the flash tube, whereupon she heard a sound described as "puff". She then looked into the oven and saw some flames.

About twenty minutes after the oven had been ignited, she returned to the range, smelled gas, and when she opened the door to check the meat in the oven, flames blew out from the oven burning her about her body and face.

On June 29, 1965 an employee of the defendant found the oven flash tube partially blocked with match heads and ashes, and many burned matches under the oven burner, all of which were removed by the service man.

A defendant's employee who was familiar with this type of stove testified that flame travels through the flash tube to a portion of the burner which is then ignited, and that a partial blocking of the oven flash tube could cause incomplete ignition of the oven burner. He further testified that application of a soapy solution to the oven burner will block the oven flash tube, which will result in incomplete ignition of the burner.

On June 29, 1965 incomplete ignition of the oven burner was found. The plaintiff has had

no problems since the defendant employee's visit on June 29, 1965.

The defendant seasonably filed three requests for rulings and is aggrieved by the court's denial of requests two and three reading as follows:

2. The evidence does not warrant a finding for the plaintiff.

3. The evidence does not warrant a finding that the defendant was negligent.

The plaintiff must prove that the probable cause of her injuries was due to the acts or omissions of the defendant and the cause of the explosion may not be left to mere conjecture.

■. The service man's assignment was to turn on the gas, check for leaks and see that gas reached the appliances. There was no evidence that the service man was required to do more than the limited character of his duties. The evidence warranted no inference of authority or duty on the part of the service man to do other than he did. Even if the judge did not believe that the service man was sent only to do what he did, such disbelief would not establish affirmatively a broader purpose. Neither express nor apparent authority to do more can be inferred from the service slip and the testimony of the limited character of the service man's assignment. *Stewart* v. *Worcester Gas Light Co.,* 341 Mass. 425, 436, 437.

■. There was evidence that the plaintiff cleaned the appliance inside and out with soapy

water prior to using it. There was testimony indicating that a partial blocking of the flash tube was a possible cause of incomplete ignition and application of a soapy solution was a probable cause of incomplete ignition.

The evidence fails to show that the explosion was caused by the defendant's omission to act and the issue narrows down to whether the evidence would warrant a finding that the defendant's service man was negligent in the performance of his duties, and if so, whether that negligence was causally related to the explosion.

There was no evidence that the range was not operating properly after being serviced by the defendant, or that there were any gas leaks. There was evidence of the defendant's cleaning the appliance inside and out subsequent to the completion of the service man's assignment. The unexplained smell of gas prior to opening the oven is not of itself negligence. This leaves the issue of causation in such an atmosphere of guesswork and speculation that it would not afford the basis of a finding that there was a causal relationship between the act of turning on the gas by the service man and the explosion.

The plaintiff is not required to show the exact cause of the explosion, or to exclude all possibility that it resulted without fault on the part of the defendant. But the plaintiff must show a greater probability that it resulted from the defendant's negligence than from a non-actionable cause. *McCabe* v. *Boston Consolidated Gas Company*, 314 Mass. 493, 496.

Mere proof of an explosion — and no more than that was shown here — is not sufficient evidence of negligence. Findings must rest on more solid foundations.

**The finding for the plaintiff is to be vacated and a finding for the defendant is to be entered.**

JOHN L. DONOVAN
for Plaintiff.

CORNELL & GOLLUB
for Defendant.

*Municipal Court of the City of Boston*